■ In the Matter of RICHARD TIBBETS, Appellant, v GEORGE MEYER, as Personnel Officer of the County of Suffolk, Respondent.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent that petitioner's name be removed from two civil service eligibility lists, the petitioner appeals from a judgment of the Supreme Court, Suffolk County, dated October 10, 1979, which dismissed the proceeding. Judgment affirmed, without costs or disbursements. No opinion. Hopkins, J. P., Mangano and O'Connor, JJ., concur.

Weinstein, J., concurs in the result, with the following memorandum: Petitioner Richard Tibbets had been appointed as a Labor Specialist II with the Suffolk County Department of Labor in 1978. After a period of three months his employment was terminated on the ground of incompetency.

Subsequently, petitioner qualified for eligibility on two civil service employment lists, one for Labor Specialist II and one for Labor Specialist III. The Suffolk County Department of Labor challenged the eligibility of the petitioner to remain on these open competitive eligibility lists, and was ultimately successful in having his name removed from these lists, on the basis of subdivision 4 of section 50 of the Civil Service Law, which provides, in pertinent part: "Disqualification of applicants or eligibles. The state civil service department and municipal commissions may refuse to examine an applicant, or after examination to certify an eligible * * * (e) who has been dismissed from a permanent position in the public service upon stated written charges of incompetency or misconduct, after an opportunity to answer such charges in writing, or who has resigned from, or whose service has otherwise been terminated in, a permanent or temporary position in the public service, where it is found after appropriate investigation or inquiry that such resignation or termination resulted from his incompetency or misconduct". Petitioner now challenges the removal of his name from the eligibility lists for Labor Specialist II and Labor Specialist III. On the basis of the unambiguous language of the statute above stated, I am constrained to concur with the majority, which found the removal to be proper. Indeed, in cases such as this one before the court, where a civil servant has been disqualified from the possibility of employment in a position similar or identical to one in which he was earlier found to be incompetent, I can have no quarrel with the operation of this statute. But it seems grossly unfair that the name of a civil servant who has been found to be incompetent in one position could, pursuant to the statute, be removed from eligibility lists for a completely different, entirely unrelated, position. Lack of competency in one position, even if such lack of competency has been confirmed by a hearing, obviously has no automatic bearing on competency in every other civil service job. In my opinion it would be appropriate for the Legislature to amend the statute so as to guard against such a misapplication, which could have a far-reaching and unjust effect on the future employability of an individual.